# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20355

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2020

Lyle W. Cayce
Clerk

DONNA WALKER,

> Plaintiff - Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Argent Securities Incorporated, Asset-Backed Pass-Through Certificates, Series 2003-W10; OCWEN LOAN SERVICING, L.L.C.; BUCKLEY MADOLE, P.C.

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2231

Before CLEMENT, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

On June 14, 2017, Plaintiff-Appellant Donna Walker ("Walker" or "Plaintiff") filed suit against defendants Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc. Asset–Backed Pass–Through Certificates Series 2003–W10 ("Deutsche Bank"), Ocwen Loan Servicing LLC ("Ocwen"), and Buckley Madole, P.C. ("BPC") (collectively, "Defendants") in Texas state court. Seeking declaratory and other relief, Walker asserted claims

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20355

against Deutsche Bank for breach of contract and breach of the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.304(a)(8), and against Ocwen and BPC for breach of the TDCA and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. Following removal, Defendants filed motions for summary judgment.

Granting Defendants' motions, the district court dismissed Walker's claims with prejudice. As set forth in its thorough and well-reasoned "Memorandum Order and Opinion," the district court found Walker's claims against Deutsche Bank and Ocwen barred by res judicata. Additionally, having determined there to be no genuine disputes of material fact, the district court concluded Defendants are entitled to judgment as a matter of law on Walker's claims. We affirm.

I.

In October 2003, Walker signed a Promissory Note ("Note") originally payable to Argent Mortgage Company, LLC.[1] Contemporaneously, Walker and her then-husband, James D. Snowden ("Snowden"), executed a Texas Home Equity Security Instrument ("Deed of Trust") securing repayment under the Note with an interest in real property that the two owned in Pearland, Texas (the "Property"). Upon their divorce in 2007, Walker conveyed all of her rights, title, and interest in the Property to Snowden via a Special Warranty Deed.

Since Walker's first default in 2004, the Note and Deed of Trust have been through what Deutsche Bank and Ocwen call "a series of cycles involving a payment default, notice of acceleration, the filing of an application for order permitting non-judicial foreclosure under Rule 736 of the Texas Rules of Civil Procedure, and then the making and acceptance of payments on the Loan."

---

[1] The Note and Deed of Trust were subsequently assigned to Deutsche Bank.

No. 19-20355

Under Texas law, a real property lien and the power of sale to enforce it become void if a lender does not foreclose within four years of the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.035; *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 567 (Tex. 2001). "If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated." *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). A note is effectively accelerated once the noteholder sends the borrower (1) notice of intent to accelerate, and (2) notice of acceleration. *Holy Cross,* 44 S.W.3d at 566. Nevertheless, a noteholder that exercises its option to accelerate may abandon acceleration before the limitations period expires, restoring the contract to its original condition, including the note's original maturity date. *Khan*, 371 S.W.3d at 353.

II.

Following a fifth default and acceleration of the Note in 2013, Snowden filed a lawsuit, in 2014, against Deutsche Bank, Ocwen, and a law firm, Mackie Wolf Zientz & Mann, P.C. ("MWZM"), alleging that Deutsche Bank had failed to foreclose on the Property within the time limit provided by the Texas Civil Practice and Remedies Code such that its lien had expired.[2] Granting summary judgment in favor of Deutsche Bank, Ocwen, and MWZM, the district court determined Deutsche Bank had a valid lien in the Property and dismissed the action with prejudice. *See Snowden v. Deutsche Bank Nat'l Tr. Co.,* Civil Action No. H-14-2963, 2015 WL 5123436 (S.D. Tex. Aug. 31, 2015).

Snowden did not appeal the 2015 judgment. In June 2017, however, Walker, who was not a party to Snowden's 2014 lawsuit, filed the instant

---

[2] Snowden additionally alleged Deutsche Bank, Ocwen, and MWZM each violated the FDCPA and TDCA by misrepresenting that Deutsche Bank's lien on the Property was valid and by improperly threatening foreclosure.

3

No. 19-20355

action. Represented by the same attorney as was Snowden in the earlier suit, she alleges the Note and Deed of Trust are invalid on the same basis alleged and rejected in *Snowden*–that the lien on the Property has expired and that Defendants therefore have no right to foreclose on the Property.[3]

## III.

We have carefully considered the parties' competing submissions, the record, applicable law, and district court's comprehensive analyses of pertinent chronology in both the August 31, 2015 opinion issued in *Snowden* and the February 20, 2019 opinion issued in the instant action. Despite lengthy briefing, Walker fails to demonstrate that the district court erred in any way.[4] Accordingly, for essentially the reasons stated in the February 20, 2019 "Memorandum Opinion and Order," we AFFIRM the judgment of the district court.

---

[3] It is undisputed that, absent fraud, Texas Home Equity Loans are without personal liability to the borrower. Rather, recovery is limited to the secured property. *See* TEX. CONST., ART. XVI, Sec. 50(a)(6)(C); *Huston v. U.S. Bank Nat. Ass'n,* 988 F. Supp. 2d 732, 741 (S.D. Tex. 2013), *aff"d,* 583 F. App'x. 306 (5th Cir. 2014).

[4] Walker bases much of her argument on two alleged facts: (1) that her name and address changed, and thus, pre-2017 notices of acceleration went to the wrong person/place; and (2) that only her ex-husband signed a loan modification agreement executed in 2009. Even if true, these facts are irrelevant because the noteholder timely abandoned previous accelerations and foreclosure efforts by accepting payments rendered by Walker or Snowden. *See Holy Cross,* 44 S.W.3d at 567. On July 7, 2017, Defendants likewise abandoned the August 2013 acceleration by written notice given within four years of the acceleration date.